NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0446n.06

No. 22-2055

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| STEPHANIE KAY KNAPP, | ) | **FILED**<br>Oct 16, 2023<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MICHIGAN |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

Before: McKEAGUE, READLER, and DAVIS, Circuit Judges.

PER CURIAM. Stephanie Knapp, through counsel, appeals the district court's judgment affirming the Commissioner of Social Security's decision denying her application for a period of disability insurance benefits. We affirm for the reasons that follow.

In September 2014, Knapp filed an application for disability insurance benefits based in relevant part on degenerative disc disease of the cervical spine and cervical dystonia, "a degenerative condition that causes uncontrollable spasms in the neck muscles." *Vinh v. Express Scripts Servs. Co.*, 7 F.4th 720, 723-24 (8th Cir. 2021). In February 2019, Knapp filed an application for supplemental security income based on the same impairments. She alleged an onset date of disability of June 29, 2013. Knapp last met the requirements for disability insurance benefits on December 31, 2016, so she had to establish that she was disabled on or before that date to receive those benefits. *See* 42 U.S.C. § 423(a)(1)(A). Supplemental security income is an income-based benefit that does not require the claimant to establish disability by a certain date. *See* 20 C.F.R. § 416.202(c).

The Appeals Council consolidated Knapp's applications, and an administrative law judge (ALJ) denied them after an evidentiary hearing. The ALJ found that Knapp's degenerative disc disease and dystonia were severe impairments but that she had the physical residual functional capacity (RFC) to perform light work with some postural, manipulation, environmental, pace, and social-interaction limitations. Citing the vocational expert's (VE) hearing testimony, the ALJ found that this RFC would permit Knapp to perform several jobs that existed in substantial numbers in the national economy, including office helper, production inspector, and housekeeper. Because this conclusion required a finding that Knapp was not disabled under the Social Security regulations, the ALJ denied her applications.

In arriving at Knapp's physical RFC, the ALJ gave "little weight" to certain aspects of a September 2014 functional capacity opinion written by Knapp's treating physician, Dr. Neil Goodman. According to Dr. Goodman's opinion, Knapp could sit for only three hours during the workday and stand and walk for only one hour during the workday. Additionally, Knapp would need to change positions every half hour. All of Knapp's upper torso and arm activities were "severely limited," and therefore she could only occasionally perform handling, pushing, pulling, and operating handle controls. Dr. Goodman attributed these limitations to Knapp's torticollis (i.e., dystonia) and cited her MRIs, a CT scan of her chest, and an EMG of her right upper extremity as supporting evidence.

The ALJ discounted this opinion, however, because Dr. Goodman was a primary care physician and not an orthopedic or neurological specialist. The ALJ also found that, although Dr. Goodman cited diagnostic tests, he did not adequately explain the opinion's extreme postural limitations. Further, the ALJ found that Dr. Goodman's opinion was inconsistent with the then-existing medical evidence. To support that finding, the ALJ noted that Knapp's physical

examinations during this time were largely normal, and contemporaneous diagnostic testing did not reveal significant abnormalities in her cervical spine. Additionally, the ALJ observed that Knapp had reported to Dr. Goodman that she felt that treatment had resulted in improvement in her cervical symptoms and that medication management had been helpful to her. The ALJ also cited a September 2014 treatment note in which Dr. Goodman commented that Knapp looked "markedly better" than her last visit. Elsewhere in his opinion, the ALJ noted that earlier in 2014, Dr. Shana Krstevska, Knapp's treating neurologist, commented that she would "not be able to endorse medical disability for the mild dystonia." A.L.J. Hr'g Decision, R. 10-15 at PageID 1613.

Knapp then filed a timely complaint for judicial review of the Commissioner's decision.[1] Knapp claimed in relevant part that the ALJ violated the treating physician rule in assigning "little weight" to Dr. Goodman's opinion and that the ALJ's determination of her RFC was not supported by substantial evidence.

A magistrate judge found that the ALJ's decision that Knapp was not disabled before December 31, 2016, when her insured status expired, was supported by substantial evidence. The magistrate judge concluded, however, that the medical evidence showed a "marked deterioration" in Knapp's condition beginning about mid-2017. The magistrate judge concluded therefore that, as to Knapp's application for supplemental security income, the ALJ's determination of Knapp's

---

[1] Knapp failed to exhaust her administrative remedies by not asking the Appeals Council to review the ALJ's decision. *See Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). Under 42 U.S.C. § 405(g), federal courts have subject-matter jurisdiction to review "any final decision" of the Commissioner. *See id.* A decision is not "final" under § 405(g) until the Appeals Council issues a decision. *Id.* Nevertheless, the exhaustion requirement itself is not jurisdictional and may be waived by the Commissioner. *See Ahghazali v. Sec'y of Health & Human Servs.*, 867 F.2d 921, 926 (6th Cir. 1989). And here, the Commissioner has waived the exhaustion requirement by treating the ALJ's adverse decision on Knapp's application as her final decision in her formal pleadings. *See id.* at 927. Accordingly, we conclude that the district court had subject-matter jurisdiction under § 405(g) to review the ALJ's decision.

RFC was not supported by substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's denial of disability insurance benefits and remanding Knapp's application for supplemental security income to the Commissioner for further consideration under sentence four of 42 U.S.C. § 405(g).

The Commissioner did not object to the report and recommendation, and the district court adopted it over Knapp's objections. Accordingly, the district court affirmed the Commissioner's decision in part and vacated it in part and remanded the case to the Commissioner.

Knapp filed a timely appeal. We have jurisdiction over her appeal because the district court's order affirming the Commissioner's denial of disability insurance benefits and remanding the case to the Commissioner under sentence four is a final appealable judgment. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006).

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists "if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (cleaned up). We review de novo the district court's conclusions on each issue. *Id.*

Knapp first contends that the ALJ violated the treating physician rule in assigning little weight to the disability aspects of Dr. Goodman's September 2014 functional capacity opinion. Knapp filed her application for disability insurance benefits before March 27, 2017, when the Commissioner adopted a new regulation that abolished the treating physician rule. *See* 20 C.F.R. §§ 404.1520c, 404.1527. The new regulation specifies that "[f]or claims filed before March 27, 2017, the rules in § 404.1527 apply." C.F.R. § 404.1520c. Accordingly, the treating physician rule of § 404.1527 applies to her application.

Under the treating physician rule, an ALJ must give greater weight to medical opinions of physicians who have treated a claimant than to opinions of non-treating physicians, because treating physicians are "most able to provide a detailed, longitudinal picture of the [claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). An ALJ is not bound by a treating physician's opinion if there is substantial medical evidence to the contrary. *Id.*; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Nevertheless, an ALJ "will always give good reasons" for the weight that the ALJ assigns to a treating source's opinion. *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (quoting 20 C.F.R. § 404.1527(c)(2)). Those reasons must be "supported by the evidence in the case record" and be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Under this standard, we conclude that the ALJ properly applied the treating physician rule to Dr. Goodman's opinion.

As summarized by the ALJ, in the year preceding Dr. Goodman's opinion, Knapp's physical examinations were largely normal, and imaging and diagnostic studies showed only mild degeneration of her cervical spine. Consequently, as the ALJ observed, Dr. Goodman's opinion was not consistent with his own treatment notes. As to Knapp's dystonia, she occasionally displayed normal range of motion of the neck, and she reported improvement in her neck pain with medication, physical therapy, and chiropractic adjustments. Moreover, only two months before Dr. Goodman issued his opinion, Dr. Krstevska described Knapp's dystonia as "mild" and

concluded that it did not medically disable Knapp. The ALJ also appropriately considered Dr. Goodman's lack of specialization in orthopedics or neurology in deciding how much weight to give his opinion. *See* 20 C.F.R. § 404.1527(c)(5); *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 115 (6th Cir. 2010). And, as the regulations require, the ALJ discussed all of the other necessary factors (e.g., treating relationship, supportability of the opinion, and consistency of opinion with the rest of the record) in evaluating Dr. Goodman's opinion. *See* 20 C.F.R. § 404.1527(c)(2)-(4). Accordingly, we conclude that the ALJ provided "good reasons" for assigning little weight to the contested portions of Dr. Goodman's opinion.

Knapp next contends that the ALJ's determination of her physical RFC was not supported by substantial evidence. But as we have just discussed, substantial evidence supported the ALJ's decision to discount the extreme postural limitations contained in Dr. Goodman's opinion. The ALJ gave "considerable weight" to Dr. Goodman's opinion that Knapp can occasionally lift up to 20 pounds, which is consistent with the ability to perform light work. *See* 20 C.F.R. § 404.1567(b). The ALJ accounted for Knapp's exertional limitations even further by restricting her to jobs that require lifting of no more than 10 pounds. Additionally, the ALJ accounted for Knapp's impairments with certain postural and manipulation limits. The ALJ reasonably relied on Knapp's ability to carry out some activities of daily living, such as driving, shopping, fixing meals, doing small loads of laundry, and feeding and caring for her pet dog, in concluding that she was not as limited as she had claimed. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Tipton v. Comm'r of Soc. Sec.*, 847 F. App'x 290, 295 (6th Cir. 2021); *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 417 (6th Cir. 2020) (collecting cases). Finally, Knapp's healthcare providers consistently advised Knapp that her cigarette smoking contributed to her condition and that quitting would improve her symptoms. The ALJ therefore reasonably relied on Knapp's failure or refusal to stop

smoking in discounting her claim of total disability. *See Nettleman v. Comm'r of Soc. Sec.*, 725 F. App'x 358, 360 (6th Cir. 2018); *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004).

For these reasons, we **AFFIRM** the district court's judgment.