**Eli RAITPORT, Plaintiff–Appellant,**

v.

**John J. CALLAHAN, Commissioner of Social Security and Secretary of Health and Human Services, Defendants–Appellees.**

**No. 1966, Docket 98–6277.**

United States Court of Appeals, Second Circuit.

Argued: June 23, 1999.

Decided: July 14, 1999.

---

102

Eli Raitport, pro se, Brooklyn, NY.

Claire S. Kedeshian, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney for the Eastern District of New York, Deborah B. Zwany, Kathleen A. Mahoney, Assistant United States Attorneys, on the brief), for Defendants–Appellees.

Before: MINER, JACOBS, and PARKER, Circuit Judges.

PER CURIAM:

Plaintiff Eli Raitport filed a *pro se* complaint against the Commissioner of the Social Security Administration ("the Commissioner" of the "SSA") in the United States District Court for the Eastern District of New York seeking judicial review of the SSA's administrative determination that Raitport had too few "quarters of coverage" to be eligible for Social Security Retirement Insurance ("SSRI") benefits. Raitport appeals from the November 20, 1998 judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) remanding his action to the Secretary of the Department of Health and Human Services for further administrative proceedings. Because the district court failed to specify the basis for remand, and because the remand on its face appears inconsistent with the requirements of the Social Security Act ("the Act"), specifically 42 U.S.C. § 405(g), we vacate the judgment and remand the case to the district court for further proceedings.

## BACKGROUND

*Administrative Proceedings.* The SSA initially denied Raitport's application for SSRI benefits in February 1993, on the ground that from 1958 through 1968—the period covered by his social security record—he had only 36 of the requisite 38 quarters of coverage. In September 1993, Administrative Law Judge ("ALJ") Rosenbaum reached the same conclusion after conducting a hearing to consider Raitport's alleged earnings in the form of "non-negotiable" securities issued to him from 1980 to 1992 by the Scientronic Corporation (of which Raitport was President and Chief Engineer). The ALJ maintained that the stock, having no economic value, could not be credited as wages under 20 C.F.R. § 404.1041(d).

A November 1994 opinion of the Appeals Council remanded for consideration of new evidence of additional income, and directed the ALJ to "request from the claimant evidence, such as personal and employer tax returns or wage reports, to show that the earnings for 1990, 1991, and 1992 which have recently been reported to his Summary Statement of Earnings are from employment which is covered by [the Social Security Act] and creditable to his record."

Raitport did not offer such evidence at his second hearing. In July 1995, the ALJ again denied benefits for the reasons previously stated. As to the new evidence, the ALJ specifically found that "[w]ages from the R.W. Realty Associates for 1989 through 1991 and from Raitport Company for 1992, were not properly included on the claimant's earnings record and shall be removed." The ALJ further noted that (i) the Employer Identification Number on the W–2 forms from the Scientronic Corporation matched those listed for R.W. Realty Associates and the Raitport Co.; (ii) Raitport had "disavowed the posted wages" from those two businesses; and (iii) "the component of the [SSA] charged with such matters [should] investigate the postings" from those two businesses and determine whether they were "fraudulently placed."

It appears that Raitport appealed the ALJ's July 1995 decision in August 1995 and submitted a 98–page brief. The brief is missing from the administrative record, however, and Raitport has not specified its contents. In December 1997, the Appeals Council declined review. A January 1998 letter of the Appeals Council notes receipt of Raitport's request to reopen, but concludes that Raitport failed to demonstrate "good cause" for reopening the case four years after the 1993 decision. The Appeals Council denied reopening again in February 1998 because it had received nothing in support of the application.

*District Court Action and Appeal.* Raitport sought review of the July 1995 decision pursuant to 42 U.S.C. § 405(g) in the Eastern District of New York. Raitport's cursory complaint alleged that he had been paid substantial amounts in stock, and requested (*inter alia*) that the court "modify the decision of the Defendant to grant maximum monthly insurance benefits to the Plaintiff, retroactive, to July of 1992, with interest" or, in the alternative, that the court do what is "just and proper." Annexed to the complaint were copies of ten patents that Raitport had received in the 1970s and 1980s; Raitport alleges that the economic value of these patents also supports his eligibility for SSRI benefits.

In July 1998, the Commissioner filed an answer and the administrative record. Three months later, in October 1998, the Commissioner moved pursuant to the fourth sentence of § 405(g) to remand the action to the Secretary of the Department of Health and Human Services for further development of the record. The only document identified by the Commissioner as missing from the record was Raitport's 98–page brief.

The district court granted the Commissioner's motion and remanded the case for further administrative proceedings. Raitport now appeals, arguing that remand is inappropriate and that there is no reason for further delay.

## DISCUSSION

Section 405(g) allows an individual to obtain district court review of any final decision of the Commissioner to which that individual was a party. *See* 42 U.S.C. § 405(g) (1994). Once district court review is sought, however, the district court may only remand the case for further administrative action in certain situations. Sentence four of § 405(g) permits the district court to remand in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision:

The court shall have power to enter, upon the pleadings and transcript of the

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.; see also Melkonyan v. Sullivan,* 501 U.S. 89, 99–100, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991). Sentence six permits the district court to remand without making any substantive ruling as to the correctness of the Commissioner's decision, but only (i) where the Commissioner so moves before answering the complaint, or (ii) where additional, material evidence is required that was for good cause not presented before the administrative agency:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . .

42 U.S.C. § 405(g); *see also Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 2629 n. 2, 125 L.Ed.2d 239 (1993) (citing *Melkonyan,* 501 U.S. at 99–100 & n. 2, 111 S.Ct. at 2163–64 & n. 2; *Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990)). These restrictions on sentence six remands are the result of a 1980 amendment to the Act, which "was at least in part designed to limit federal court remands to the Secretary." *Carter v. Schweiker,* 649 F.2d 937, 942 (2d Cir.1981) (quotation marks omitted); *see also Melkonyan,* 501 U.S. at 101, 111 S.Ct. at 2165 ("It is evident from [the legislative history of the amendment] that Congress believed courts were often remanding Social Security cases without good reason.").

 There is jurisdictional significance to whether a remand is entered pursuant to sentence four or six. Sentence four remands are appealable because they are part of a final judgment disposing of the action. *See, e.g., Finkelstein,* 496 U.S. at 624–25, 110 S.Ct. at 2663–64. Sentence six remand orders are considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending further development and consideration by the ALJ. *See Zambrana v. Califano,* 651 F.2d 842, 844 (2d Cir.1981); *see also Melkonyan,* 501 U.S. at 98, 111 S.Ct. at 2163 ("[F]ollowing a sentence six remand, the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" (quoting 42 U.S.C. § 405(g))). *But see Travis v. Sullivan,* 985 F.2d 919, 921 (7th Cir. 1993) (finding jurisdiction over a sentence six remand under the doctrine of "practical finality," which resembles the collateral order doctrine).

Here, the district court's order and judgment does not reflect whether the ultimate basis for remand was sentence four or sentence six. Although the Commissioner's motion expressly requested a sentence four remand, the remand does not appear to have been ordered pursuant to sentence four: the language of the judgment does not recite that it is a final judgment, nor does it reflect an intent to relinquish jurisdiction, and there is nothing in the order or the judgment to reflect that the administrative order is affirmed, reversed, or modified. *See* 42 U.S.C. § 405(g). Under such circumstances, a sentence four remand would have to be vacated. *See, e.g., Richmond v. Chater,* 94 F.3d 263, 269 (7th Cir.1996) ("Sentence four authorizes a remand only as an incident to an order affirming, reversing, or modifying the agency's order, and the judge didn't do any of these three

things."); *accord Melkonyan,* 501 U.S. at 101–02, 111 S.Ct. at 2165.

Nor does the remand appear to be consistent with the requirements of sentence six: the remand motion post-dated appellee's answer; there was no demonstration of good cause for the late introduction of evidence, or even a discussion of what evidence was missing;[1] and there is no clear indication that the district court wished to retain jurisdiction over this case. *See* 42 U.S.C. § 405(g). And if this were a sentence six remand, this Court would lack appellate jurisdiction to review it. *See Zambrana,* 651 F.2d at 844; *see also Melkonyan,* 501 U.S. at 98, 111 S.Ct. at 2163.

There is, of course, a third possibility: the district court's remand order was not made pursuant to either sentence four or sentence six. Such an order would not satisfy the requirements of § 405(g), however, and would require vacatur. *See Melkonyan,* 501 U.S. at 99–102, 111 S.Ct. at 2164–65.

We therefore cannot ascertain whether the district court had statutory authority to grant the remand motion. Because the character of the remand order has both statutory and jurisdictional significance, we remand this case to the district court for further review. *See Melkonyan,* 501 U.S. at 102, 111 S.Ct. at 2165.

## CONCLUSION

For the reasons set forth above, the judgment of the district court is hereby vacated and the case is remanded for further proceedings consistent with this opinion. Upon remand, the district court should conduct a review of the July 1995 administrative decision pursuant to 42 U.S.C. § 405(g). If the court still wishes to remand, it should issue a new order and judgment specifying the basis for remand.

1. There is no reason to believe that any additional, material evidence exists or would be useful in this case. The Commissioner's motion cited only Raitport's missing 98–page brief, which of course does not constitute evidence. And although Raitport's appellate brief notes that there are eight sets of missing documents, which the SSA either lost or destroyed, and which can be replaced through "documents found in the public domain," Raitport fails to state what those documents are or what information they contain. Raitport stated at oral argument that he is satisfied with the present administrative record and does not want his case to be remanded to search for additional evidence. The Commissioner's appellate brief maintains that the motion to remand was based solely upon the Commissioner's conclusion that Raitport had "raised an issue as to the completeness of the record," a basis that seems no longer tenable in light of Raitport's comments at oral argument.