**Eli RAITPORT, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

**No. 00–6310.**

United States Court of Appeals, Second Circuit.

May 17, 2001.

Eli Raitport, Brooklyn, NY, pro se.

Claire S. Kedeshian, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY; Loretta E. Lynch, United States Attorney; Deborah B. Zwany and Kathleen Mahoney, Assistant United States Attorneys on the brief, for appellee.

Present STRAUB and POOLER, Circuit Judges, KORMAN, District Judge.*

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Eli Raitport,. *pro se*, appeals from an order of the United States

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge* ) granting Defendant Appellee Kenneth Apfel's ("Commissioner") motion for judgment on the pleadings and affirming the Social Security Administration's ("SSA") finding that Mr. Raitport could only establish 36 out of the 38 quarters of coverage necessary to qualify for retirement insurance benefits ("SSRI"). *See Raitport v. Apfel*, No. 98–CV–0402, Mem. & Order (E.D.N.Y. Sept. 26, 2000).

This case has previously been before this Court and familiarity with the facts concerning the administrative record as detailed in our prior opinion is assumed, *see Raitport v. Callahan*, 183 F.3d 101 (2d Cir.1999); only those facts relevant to this disposition are set out below. The SSA initially denied Mr. Raitport's application for SSRI benefits in February 1993, on the ground that from 1958 through 1968—the period covered by his social security record—he had only 36 of the requisite 38 quarters of coverage. *See Raitport*, 183 F.3d at 102. In September 1993, an Administrative Law Judge ("ALJ") reached the same conclusion after conducting a hearing to consider Mr. Raitport's alleged earnings in the form of "non-negotiable" securities issued to him from 1980 to 1992 by the Scientronic Corporation (of which Mr. Raitport allegedly was President and Chief Engineer). The ALJ maintained that the stock, having no economic value, could not be credited as wages under 20 C.F.R. § 404.1041(d).

Following a remand in 1994 by the Appeals Council to consider "new evidence of additional income," Mr. Raitport failed to provide any tax returns or wage reports to show that earnings which had been reported to his Summary Statement of Earnings for 1990 through 1992 were from employment covered by the Social Security Act, and, thus, able to be credited to his record.

The ALJ again denied Mr. Raitport's request for SSRI benefits for the reasons previously stated and ordered an investigation to determine whether Mr. Raitport's newly posted earnings from 1990 through 1992 were "fraudulently placed." Subsequently, the Appeals Council denied all other relief sought by Mr. Raitport.

Mr. Raitport then commenced this suit, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the SSA's denial of his application to receive SSRI benefits. The Commissioner moved for judgment on the pleadings, arguing that the findings of both the ALJ and the Appeals Council concerning Mr. Raitport's insufficient quarters of coverage were supported by substantial evidence. Mr. Raitport opposed the motion, arguing that he was entitled to SSRI benefits because he had served as, among other positions, the President of Scientronic and he received non-negotiable shares of Scientronic stock as compensation for his services. The District Court granted the Commissioner's motion for judgment on the pleadings. The court recognized that Raitport failed to provide any documentation "demonstrating his title or position with the company [Scientronic], the services he provided, or that he was being compensated by the corporation in the form of stock shares." Accordingly, the court found that there was ample evidence to support the ALJ's finding that Mr. Raitport lacked the requisite thirty-eight quarters of earnings to qualify for SSRI and that his employment at Scientronic "did not represent . . . a *bona fide* employment relationship." *See Raitport*, No. 98–CV–0402, Mem. & Order, at 4–6 (E.D.N.Y. Sept. 26, 2000).

■ Mr. Raitport asserts one argument on appeal—he seeks to have his Scientronic "income" credited towards the balance of his already earned 36 quarters of coverage so that he qualifies for SSRI

benefits. When we review a decision denying benefits under the Social Security Act, we must regard the SSA's factual determinations as conclusive so long as they are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir.1990). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston,* 904 F.2d at 126 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Here, Mr. Raitport's claim must be rejected because the SSA's decision was supported by substantial evidence.

Payment of retirement insurance benefits under the Act is conditioned upon an individual meeting all the requirements for such benefits; that is, the individual must be fully insured, have attained the age of sixty-two, and filed an application for such benefits. *See* 42 U.S.C. §§ 402(a), 414(a). To be fully insured for purposes of SSRI benefits, an individual must establish that he earned at least one quarter of coverage in each calendar year after 1950, or, if later, after the year in which he became age twenty-one, and before the year in which he reached retirement age. *See* 42 U.S.C. § 414(a); 20 C.F.R. § 404.110(b)(2).

Title 20 C.F.R. § 404.115 establishes a table for how many quarters of coverage are necessary to be fully insured for retirement insurance purposes. In this case, because Mr. Raitport attained the age of sixty-two in 1989, and, thus, was born in 1927, he needed 38 quarters of coverage in order to be fully insured. Mr. Raitport had the burden of establishing that he had more than 36 quarters of coverage—the amount established in the SSA's records—and he failed to offer any credible evidence to rebut the SSA's records. *See Butts v. Sec'y of Health & Human Servs.,* 706 F.2d

107, 108 (2d Cir.1983). In sum, Mr. Raitport failed to supply the SSA with any tax returns, or other IRS forms, to show that Scientronic had made the requisite filings with the IRS, withheld any taxes on his alleged wages from Scientronic, or paid any social security taxes on his behalf.

The evidence of earnings that Mr. Raitport did offer to the SSA in the hopes of amending the SSA's records—non-negotiable company stock—was both unsubstantiated by any tax form or corporate documentation and an inappropriate form of "wages" for the purposes of crediting his earnings records because it had no known value. *See* 20 C.F.R. § 404.1041(d) (stating that non-monetary wages are determined by the "fair value of the items when paid"). Moreover, Mr. Raitport's failure to produce any documentation in support of his claim, despite his role as "president, director, and general counsel" of Scientronic, supports the SSA's conclusion that Raitport's alleged employment was not a "bona fide employment relationship." *See* 20 C.F.R. §§ 404.1006, 404.1007 (discussing the indicia of employee-employer relationships and defining common-law employee). Finally, Mr. Raitport's allegation that he earned income between 1988 and 1994 is further invalidated by the fact that he received SSI disability benefits during that time period—benefits that are only available to disabled persons whose earnings are below a minimum income level. *See* 20 C.F.R. § 416.110.

We therefore hold that, because the ALJ's findings were supported by substantial evidence, and because Mr. Raitport failed to provide any credible evidence to support his contention that he had more than thirty-six quarters of coverage, the District Court's order granting the Commissioner's motion for judgment on the pleadings is AFFIRMED.

■ Mr. Raitport also seeks a writ of mandamus, compelling the Commissioner to pay for his electricity bills until the Commissioner corrects his allegedly false earnings records. To the extent that Mr. Raitport seeks to have the Commissioner pay his electric bills, that request is frivolous and is rejected accordingly. To the extent that Mr. Raitport attempts to use the writ to compel the Commissioner to correct his earnings records, that request is also rejected because Mr. Raitport has ample administrative and judicial avenues to seek an appropriate remedy. *See In re Steinhardt Partners, L.P.,* 9 F.3d 230, 233 (2d Cir.1993).