Robert BALKE, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. 01CV464(ADS)(ETB).

United States District Court,
E.D. New York.

Aug. 31, 2002.

Robert Balke, East Patchogue, NY, for Pro se.

Alan Vinegrad, United States Attorney by Assistant United States Attorney Kimberly L. Schiro, Brooklyn, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Robert Balke ("Balke" or the "plaintiff") commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), seeking review of a final administrative determination of the defendant the Commissioner of the Social Security Administration (the "defendant" or the "Commissioner") denying his application for Social Security Disability Insurance Benefits. In particular, the plaintiff challenges the Commissioner's finding that he was not "disabled" under the Act. Presently before the Court is a motion by the Commissioner for a judgment reversing and remanding the final decision for further administrative proceedings based upon new evidence submitted by the plaintiff and the Administrative Law Judge's failure to properly apply the treating physician rule. The plaintiff opposes the motion to remand arguing that the Court should decide whether he qualifies as "disabled" under the Act.

## I. BACKGROUND

### A. The Procedural History

On November 7, 1997, the plaintiff, then 37 years of age, filed an application for disability insurance benefits with the Department of Health and Human Services of the Social Security Administration (the "DHHS"). In his application, the plaintiff claimed that he suffered from, among other things, a herniated disc in the spine and a torn rotator cuff in his right shoulder. The plaintiff's application was denied initially and upon reconsideration. Thereafter, the plaintiff requested a hearing on his claim for benefits.

On December 3, 1998, Administrative Law Judge Katherine C. Edgell (the "ALJ") held a hearing on the plaintiff's claim for disability insurance benefits. The plaintiff and his former attorney Michael D. Schoffman participated in the hearing. On January 29, 1999, the ALJ concluded that the plaintiff was not entitled to disability insurance benefits because he was not "disabled". *In the Case of Robert Balke*, Administrative Hearing at 5 (Jan. 29, 1999). In particular, the ALJ concluded that the plaintiff was capable of

performing light work-related activities. *Id.* After the Appeals Council of the Social Security Administration (the "Appeals Council") denied the plaintiff's request for review of the ALJ's decision, the plaintiff commenced this action on January 25, 2001.

On February 25, 2002, the Commissioner moved for judgment on the pleadings affirming the final decision and dismissing the complaint. On March 15, 2002, the plaintiff submitted his opposition to the motion including, among other things, a volume of medical records related to surgeries, psychiatric and medical treatment done after the ALJ made her decision. By letter dated April 4, 2002, the Commissioner requested an extension of time to consider the plaintiff's new submissions in order to determine whether it should offer to remand the case for further administrative proceedings. By letter dated May 6, 2002, the Commissioner advised the Court that, based upon the newly submitted evidence, it offered the plaintiff a voluntary remand for further administrative proceedings. The plaintiff rejected this request. The Commissioner then moved to withdraw its motion for judgment on the pleadings and instead sought leave to file a motion for remand. On May 9, 2002, the Court granted the application.

On May 29, 2002, the Commissioner filed the within motion for a judgment reversing and remanding the final decision to the ALJ for further administrative proceedings based upon the new evidence submitted by the plaintiff and the ALJ's failure to apply the treating physician rule properly. The plaintiff opposes the motion to remand arguing that the Court should decide whether he qualifies as "disabled" under the Act on the evidence and proceedings now before the Court.

## II. DISCUSSION

### A. The Legal Standard

■ In order to remand a disability claim for further administrative procedures, a court must find "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Remand is an appropriate remedy where: (1) the Commissioner requests a remand before answering the complaint; or (2) new, material evidence is adduced that was not produced before the agency. *See Raitport v. Callahan,* 183 F.3d 101, 104 (2d Cir. 1999) (citing *Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)). Also, "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard, [the Second Circuit has], on numerous occasions, remanded to the [Commissioner] for further development of the evidence." *Rosa v. Callahan,* 168 F.3d 72, 82–83 (2d Cir.1999) (internal quotations and citations omitted).

### 1. The New Evidence

In his March 15, 2002 opposition to the motion for judgment on the pleadings, the plaintiff submits evidence of three surgeries done after the ALJ made her decision. In particular, the plaintiff underwent surgery for, among other things, a torn biceps on March 3, 1999; a median neuropathy on May 24, 1999; and among other things, a torn rotator cuff on June 9, 1999. Also, the opposition contains treatment reports prepared by various doctors after the decision of the ALJ.

■ The Court finds that these facts constitute new evidence which is material to a decision as to whether the plaintiff qualifies as "disabled" under the Act. In addition, the Court finds that the Commis-

sioner shows good cause for not incorporating such evidence because the evidence did not become available until after the ALJ's decision and the plaintiff did not submit such evidence to the Appeals Council. Accordingly, the Court grants the Commissioner's motion to reverse the final decision and remand for further administrative proceedings before the ALJ pursuant to 42 U.S.C. § 405(g).

### 2. The Treating Physician Rule

■ The Commissioner must accord special evidentiary weight to the opinion of the treating physician. *See Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 119 (2d Cir.1998). The "treating physician rule," as it is known, "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by the medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir.2000); *see Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir.1999); *Clark*, 143 F.3d at 119; *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir.1993). The rule, as set forth in the regulations, provides:

> Generally, we give more weight to opinions by your treating sources.... If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

■ In analyzing a treating physician's report, "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *Rosa*, 168 F.3d at 79; *see Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.1998). If the opinion of the treating physician as to the nature and severity of the impairment is not given controlling weight, the Commissioner applies various factors to decide how much weight to give the opinion. *See Shaw*, 221 F.3d at 134; *Clark*, 143 F.3d at 118. The factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Clark*, 143 F.3d at 118. When the Commissioner chooses not to give the treating physician's opinion controlling weight, she must "give good reasons in [her] notice of determination or decision for the weight [she] gives [claimant's] treating source's opinion." *Clark*, 143 F.3d at 118 (quoting C.F.R. §§ 404.1527(d)(2); 416.927(d)(2)).

■ In this case, the ALJ identifies Dr. Krinick and Dr. Lichtenfeld as the plaintiff's treating physicians. However, the ALJ failed to note what tests or treatment that each provided to the plaintiff or more importantly, the doctors' findings and opinions. In conclusory fashion, the ALJ states that the treating physicians opined that the plaintiff was "totally disabled"; the doctors offered no support for their conclusions; and their opinions were inconsistent with the clinical and diagnostic evidence in the file. However, the ALJ failed to provide sufficient reasons as to why she disregarded the treating physicians' opinions. As such, the ALJ failed to apply the legal test properly. *See Clark*, 143 F.3d at 118 (When the Commissioner chooses not to give the treating physician's opinion controlling weight, she must "give good reasons in [her] notice of determination or decision for the weight [she] gives [claimant's] treating source's opinion.").

For the foregoing reasons, the Court remands this case to the ALJ for the

purposes of: (1) identifying the treating physicians' findings, treatment and opinions; and (2) reconsidering her decision based on the proper application of the treating physician rule and the new evidence submitted by the plaintiff.

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the Commissioner's motion for judgment reversing the final decision and remanding the case to the ALJ for further proceedings is **GRANTED**; and it is further

**ORDERED**, that the case is remanded to the ALJ for further proceedings not inconsistent with this opinion, and in particular for the purposes of: (1) identifying the treating physicians' findings, treatment and opinions; and (2) reconsidering her decision based on the proper application of the treating physician rule and the new evidence submitted by the plaintiff; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**