**D.J. DONNELLY, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 02–6278.

United States Court of Appeals,
Second Circuit.

Nov. 17, 2003.

D.J. Donnelly, Staten Island, New York, pro se.

Paul Kaufman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Deborah B. Zwany and Kathleen A. Mahoney, Assistant United States Attorneys) Central Islip, New York, for Appellee, of counsel.

PRESENT: CARDAMONE, SOTOMAYOR, and KATZMANN, Circuit Judges.

**702**

SUMMARY ORDER

Plaintiff–Appellant D.J. Donnelly ("Donnelly"), *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, J.) entered on October 22, 2002, reversing the Commissioner of Social Security's ("the Commissioner") decision denying Donnelly disability benefits, denying Donnelly's motion for summary judgment, and granting the Commissioner's motion to remand for further proceedings.

Pursuant to 42 U.S.C. § 405(g), the district court's remand order was an appealable order. The remand order was entered in conjunction with a judgment reversing the Commissioner's decision, *see Raitport v. Callahan*, 183 F.3d 101, 103–04 (2d Cir.1999); *see also* 42 U.S.C. § 405(g), and as such is appealable as part of a final judgment disposing of the action, *Sullivan v. Finkelstein*, 496 U.S. 617, 624–25, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990); *Raitport*, 183 F.3d at 104.

We find that the district court correctly concluded that the administrative record contained significant gaps with respect to Donnelly's hip injury and his treating physician's opinion of Donnelly's ability to work, and therefore affirm the district court's decision to remand for further proceedings. Where the administrative record contains gaps, and when further findings would plainly lead to the proper disposition of the claim, a district court's remand to the Commissioner for further development of the evidence is appropriate. *See Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir.1999).

Because Donnelly, on remand, was awarded benefits retroactive to the date of his application, we find that his challenge to the prior denial of benefits is moot, as there is no live controversy between the parties. *See Russman v. Bd. of Educ. of the Enlarged City Sch. Dist. of the City of*

*Watervliet*, 260 F.3d 114, 118–19 (2d Cir. 2001) ("[I]f the dispute should dissolve at any time due to a change in circumstances, the case becomes moot.").

Finally, Donnelly's claim for money damages is unavailing, as it is barred by sovereign immunity. As the Commissioner properly argues, the United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards. *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."); *Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir.1988) ("It is well-settled that the United States is immune from suit except where [C]ongress, by specific statute, has waived sovereign immunity."). Accordingly, Donnelly's claim fails.

For the reasons stated, we AFFIRM the judgment of the District Court.