**Joseph BROWN, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**No. 03–6131.**

United States Court of Appeals, Second Circuit.

Jan. 13, 2004.

Joseph Brown, Bronx, NY, for Appellant, pro se.

Lorraine S. Novinski, Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, James B. Comey, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, for Appellee, of counsel.

Present: CABRANES, RAGGI, Circuit Judges and MUKASEY,\* District Judge.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff Joseph Brown sought review in the District Court of a decision of the Commissioner of Social Security denying Brown's application for benefits on the ground that he was not disabled. In a thorough opinion, the Court concluded that before making this determination, the administrative law judge ("ALJ") should have obtained more detailed information from Brown's treating physician and questioned Brown more thoroughly regarding his complaints. Finding that these errors prevented an adequate review of the ALJ's decision, the District Court remanded the case for further development of the record pursuant to sentence four of 42 U.S.C.

---

§ 405(g).[1]  The District Court concluded also that two medical reports that were not initially considered by the ALJ should be considered as part of the administrative record on remand.  We perceive no error in these decisions.

We have considered all of plaintiff's claims on appeal and we hereby **AFFIRM** the judgment remanding the case to the Commissioner of Social Security.

---

1.  Sentence four of § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Sentence six provides: "The court may … at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding…." *Id.*

As we have previously noted, "[t]here is jurisdictional significance to whether a remand is entered pursuant to sentence four or six" because sentence four remands constitute appealable final judgments, but sentence six remands are interlocutory orders. *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999).  Here, the District Court specifically stated that its remand was pursuant to sentence four, and entered a final judgment.  Accordingly, we construe the Court's remand as a sentence four remand.