SUMMARY ORDER

Appellant Charles V. Roda, pro se, appeals the district court’s post-judgment order denying his motion, filed pursuant to Rule 60 of the Federal Rules of Civil Procedure, to “reactivate” his civil action challenging the denial of his application for disability insurance benefits. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review a district court order denying a Rule 60 motion for abuse of discretion. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir.1994). Here, we find that the district court did not abuse its discretion in denying Appellant’s Rule 60 motion as procedurally improper. Appellant sought review of a final decision of the Commissioner, which is properly obtained “by a civil action commenced within sixty days after the mailing ... of notice of such decision.” 42 U.S.C. § 405(g). As the district court noted, the record indicates that Appellant was aware of this requirement. Moreover, a remand ordered pursuant to the fourth sentence of § 405(g), like the one ordered by the district court here, “terminates the civil action seeking judicial review of the [Commissioner’s] final decision.” Shalala v. Schaefer, 509 U.S. 292, 299, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (quotation marks, emphasis, and alteration marks omitted); see also Raitport v. Callahan, 183 F.3d 101, 104 (2d Cir.1999). Appellant’s claim that the district court did not intend to relinquish jurisdiction on remand is not supported by the record.
Furthermore, there was no basis for relief, as Appellant failed to point to any *41 clerical errors or omissions that could be a ground for relief under Rule 60(a), or any “exceptional circumstances” justifying relief under Rule 60(b), see Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir.2008).
Additionally, as the district court found and the Commissioner acknowledges, insofar as Appellant’s arguments could be construed as asserting grounds for equitable tolling, those arguments would be more appropriately raised in the context of a new complaint filed by Appellant in the district court. We decline to consider, sua sponte, whether the district court should have construed Roda’s Rule 60 motion as a complaint. However, we note that the Commissioner’s brief acknowledges that (1) Roda submitted his motion for relief under Rule 60 on or about March 24, 2006, before the April 24, 2006 deadline for commencing a new action, Comm’r Br. at 8, 21, (2) although in a prior stage of this litigation, the Commissioner was ordered by the district court, inter alia, to issue a final decision within sixty days of Roda’s appeal from any further denial of benefits by the ALJ, the Commissioner did not act on Roda’s August 27, 2005 appeal until February 18, 2006, id. at 6-7; Appellant’s Br. at 5, and (3) it has now been almost fourteen years since Roda initially filed his application for disability benefits, Comm’r Br. at 4. We also emphasize that district courts are obligated to construe pro se submissions liberally. See, e.g., Ajlani v. Chertoff, 545 F.3d 229, 235 (2d Cir.2008).
Finally, we do not consider Appellant’s arguments relating to errors in the administrative proceedings. See “R” Best Produce, Inc. v. DiSapio, 540 F.Sd 115, 122 n. 5 (2d Cir.2008) (noting that an appeal from an order denying a Rule 60(b) motion filed more than ten days after entry of the judgment brings up for review only the order denying the motion).
Accordingly, there is no basis on which to challenge the post-judgment order of the district court, and it is hereby AFFIRMED.