Lauro v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand sixteen.

PRESENT:
>        **DENNIS JACOBS,**
>        **PETER W. HALL,**
>                *Circuit Judges,*
>        **JANE A. RESTANI,**[*]
>                *Judge.*

_____

**Umberto Lauro,**

>                *Plaintiff-Appellant,*

>        **v.**                                        **15-696**

**Commissioner of Social Security,**

>                *Defendant-Appellee,*

**Carmel Sullivan, et al.,**

>                *Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:**                Umberto Lauro, pro se, Rome, NY.

---

[*] **The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.**

**FOR DEFENDANT-APPELLEE:**                    Benil Abraham, Special Assistant
United States Attorney, New York,
NY, for Richard S. Hartunian, United
States Attorney for the Northern
District of New York.

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Appellant Umberto Lauro, pro se, appeals the district court's denial of his motion to reopen his civil action. His motion sought review of a decision rendered by the Commissioner of Social Security following the district court's remand for further administrative proceedings pursuant to "sentence six" of 42 U.S.C. § 405(g). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have appellate jurisdiction over "final decisions of the district courts." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014). A final decision conclusively determines the pending claims of all parties to the litigation unless the district court directs entry of a final judgment as to dismissed claims or parties pursuant to Federal Rule of Civil Procedure 54(b). *Rolon v. Henneman*, 517 F.3d 140, 144-45 (2d Cir. 2008). "To test for finality, reviewing courts employ a 'practical rather than a technical' analysis. . . . [I]f a 'matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.'" *United States ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160, 163 (2d Cir. 2014) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

Sentence six of § 405(g) permits remand for further administrative proceedings without any substantive ruling as to the correctness of the agency decision, and is therefore non-appealable. *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999). Furthermore, if we lack jurisdiction to review an interlocutory order of the district court, we generally will also lack jurisdiction to review a subsequent interlocutory order denying reconsideration of that order. *See Petrello v. White*, 533 F.3d 110, 114 (2d Cir. 2008).

Here, the district court's underlying judgment (remanding the case for further administrative proceedings pursuant to sentence six) is interlocutory and non-appealable. *See Raitport*, 183 F.3d at 104. Lauro appeals from the district court's 2014 order denying his post-judgment motion to reopen rather than from the 2013 judgment remanding the case. But in any event, the denial of a motion that seeks reconsideration of the remand order is likewise not appealable under *Petrello.* Accordingly, we lack jurisdiction over this appeal because a final order has not been entered. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). Upon due consideration, it is hereby **ORDERED** that the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3