21-1075-cv
Garces v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-two.

PRESENT:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            ALISON J. NATHAN,
                 *Circuit Judges*.

------------------------------------------------------------------

KENNIA Y. GARCES,

        *Plaintiff-Appellant*,

    v.                                                      No. 21-1075-cv

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Kennia Y. Garces, *pro se*, Bronx, NY

FOR DEFENDANT-APPELLEE: Susan C. Branagan, Benjamin H. Torrance, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Debra C. Freeman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kennia Y. Garces, proceeding pro se, appeals from a March 29, 2021 judgment of the District Court (Freeman, M.J.) denying the Commissioner of Social Security's motion for judgment on the pleadings and remanding to the Social Security Administration ("SSA") for further proceedings. In a thorough 73-page memorandum and order, the Magistrate Judge concluded that the Administrative Law Judge ("ALJ") had failed to develop the record, did not comply with the treating physician rule, substituted his lay opinion for that of medical professionals, and disregarded Garces's complaints about side effects from her medication. The Commissioner does not challenge the Magistrate

Judge's decision. Rather, the Commissioner argues that this Court should dismiss the appeal because Garces cannot appeal a favorable determination or, alternatively, that we should affirm the District Court's decision. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Although the parties do not raise the issue, we start by ascertaining our jurisdiction. See Terebesi v. Torreso, 764 F.3d 217, 228 n.9 (2d Cir. 2014). Social security remands are authorized under sentences four and six of 42 U.S.C. § 405(g). Remands under sentence four are final and appealable, while those until sentence six are not. See Raitport v. Callahan, 183 F.3d 101, 103-04 (2d Cir. 1999). Here, the Magistrate Judge explicitly declined to order a remand for consideration of additional evidence but remanded to the SSA based on several legal flaws in the ALJ's decision. We are therefore confident that this appeal concerns a "sentence four" remand over which we have jurisdiction. See Melkonyan v. Sullivan, 501 U.S. 89, 99–100 (1991) ("Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may

remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision.").

The Commissioner argues that we should dismiss the appeal because the Magistrate Judge's decision was a favorable outcome for Garces. We disagree. Garces may appeal a "sentence four" remand for further proceedings because it gave her "some, but not all, of the relief she requested." Forney v. Apfel, 524 U.S. 266, 271 (1998); see Butts v. Barnhart, 388 F.3d 377, 385–87 (2d Cir. 2004) (considering the merits of an appeal of the district court's "sentence four" remand order).

Proceeding to the merits, we review "sentence four" remands for abuse of discretion. See Butts, 388 F.3d at 384–85. Here, the Magistrate Judge provided a number of reasons to remand, all of which find support in our previous decisions. See id. at 386 (affirming remand where "the ALJ failed to develop the record sufficiently to make appropriate disability determinations" (quotation marks omitted)); Schaal v. Apfel, 134 F.3d 496, 503–05 (2d Cir. 1998) (remanding where the ALJ did not fully comply with the treating physician rule); Lopez v. Sec'y of Dept. of Health & Human Servs., 728 F.2d 148, 150–51 (2d Cir. 1984) (remanding where the ALJ failed to consider relevant probative evidence);

4

McBrayer v. Sec'y of Health & Human Servs., 712 F.2d 795, 799 (2d Cir. 1983) (remanding where the ALJ "substitute[d] his own judgment for competent medical opinion"). The Magistrate Judge also identified a number of flaws in the ALJ's decision only after carefully considering the administrative record. We are unable to identify any abuse of discretion in the decision to remand.

To the extent Garces asks this Court to find that she is disabled, rather than to affirm the remand to the SSA, we decline to do so. Where application of the correct legal standard does not lead to "only one conclusion," the Commissioner is best positioned to weigh evidence and resolve evidentiary conflicts. Schaal, 134 F.3d at 504. Here, the SSA must, among other tasks, fully develop the record regarding Garces's physical and mental impairments.

Having considered the remaining arguments of the parties, for the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court