RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

PAMELA J. FOLLEN,

          *Plaintiff-Appellant*,

    *v.*

COMMISSIONER OF SOCIAL SECURITY,

          *Defendant-Appellee*.

No. 25-3135

───────────────

Appeal from the United States District Court for the Northern District of Ohio at Akron.
No. 5:24-cv-01719—Darrell A. Clay, Magistrate Judge

Argued: November 17, 2025

Decided and Filed: February 11, 2026

Before: STRANCH, BUSH, and DAVIS, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Eric S. McDaniel, MALYUK MCDANIEL KASPER LLC, Cuyahoga Falls, Ohio, for Appellant. Meghan O'Callaghan, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee. **ON BRIEF:** Eric S. McDaniel, Matthew J. Kasper, MALYUK MCDANIEL KASPER LLC, Cuyahoga Falls, Ohio, for Appellant. Dorrelyn K. Dietrich, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

───────────────

## OPINION

───────────────

JOHN K. BUSH, Circuit Judge. In this appeal, we consider whether a district court can remand a case to the Social Security Administration (SSA) under Sentence Four of 42 U.S.C. § 405(g) without explicitly affirming, modifying, or reversing the decision of the Administrative Law Judge (ALJ) to deny a claimant benefits. We hold that it cannot, so we **VACATE** the

district court's decision and **REMAND** for further proceedings not inconsistent with this opinion.

### I.

Pamela J. Follen filed a complaint for judicial review in the district court because the SSA denied her application for disability benefits. After answering, the Commissioner of Social Security "further reviewed [Follen]'s case and determined that remand for additional proceedings is appropriate here." R. 12, Motion to Remand, PageID 1000. So the Commissioner moved for a remand under Sentence Four of 42 U.S.C. § 405(g) to allow the ALJ to "further articulat[e] . . . the persuasiveness of th[e] evidence." *Id.* at 1002. In service of that goal, the Commissioner sought "further consideration of the medical opinions and prior administrative medical findings." *Id.* It did not assert that the ALJ committed reversible error, nor did it seek affirmance or modification of the denial of benefits. Follen "agree[d] with a remand" but asked the court to remand with instructions to award her benefits, rather than remanding for reconsideration of the evidence. R. 13, Opp. to Mot. to Remand, PageID 1004.

The district court granted the motion. It said it was "not prepared to conclude the record adequately establishes [Follen's] entitlement to an award of benefits at this time," reasoning that factual disputes remained outstanding. R. 14, Order of Remand, PageID 1007. So, invoking Sentence Four, it remanded the case to the SSA "for further consideration of Plaintiff's claim, further development of the administrative record as necessary to determine whether Plaintiff is disabled within the meaning of the Social Security Act, and issuance of a new decision." *Id.* at 1008. The district court did not say that the ALJ committed reversible error, nor did it affirm or modify the denial of benefits.

Follen timely appealed.

### II.

### A.

"To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469,

474 (6th Cir. 2003). "If the ALJ finds at any of the five steps that the claimant is not disabled, the ALJ denies the claim." *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1003 (6th Cir. 2025). The claimant carries the burden of proof and persuasion at steps one through four, but the Government carries that burden at step five. *Jones*, 336 F.3d at 474.

"At the first step, the ALJ determines whether the claimant is engaged in 'substantial gainful activity'—in other words, working—at the time they apply for disability benefits." *Napier*, 127 F.4th at 1003 (quoting 20 C.F.R. § 404.1520(a)(4)(i)). "At the second step, the ALJ considers whether the claimant has a 'severe' impairment—that is, an impairment that 'significantly limits' the claimant's 'physical or mental ability to do basic work activities.'" *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii), (c)). "At step three, if the claimant has an impairment that is on the Commissioner's list of impairments presumed to be severe enough to warrant a finding of disability, the ALJ will find the claimant disabled without any need for further inquiry." *Id.* "At step four, the ALJ examines a claimant's 'residual functional capacity'—the claimant's ability to work, despite their limitations—and their 'past relevant work.'" *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iv)). "Finally, if the ALJ has determined that the claimant is not capable of resuming their past relevant work, the ALJ must find the claimant disabled unless the Commissioner can demonstrate that the claimant can resume 'other work' that is available in the national economy." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(v)).

**B.**

When someone seeks social security benefits, she must exhaust her administrative remedies by applying for benefits with the SSA. 42 U.S.C. § 405(b)(1). A claimant whose application is initially disapproved by the Commissioner may request a hearing. The claim will then go before an ALJ who will "issue a written decision which gives the findings of fact and the reasons for the decision." 20 C.F.R. § 416.1453(a). A claimant who is "dissatisfied with" the ALJ's decision can request review from the Appeals Counsel. 20 C.F.R. § 416.1467. If the Appeals Council issues an adverse decision, the claimant may sue in federal court. 42 U.S.C. § 405(g).

Three things can happen once the claimant files her complaint in the district court. *First*, the SSA can file a pre-answer motion to remand to the ALJ for further agency action. *Id. Second*, either party can move to remand the case to the SSA for additional evidentiary findings if there is new material evidence and good cause exists for the failure to incorporate that evidence in the original proceeding before the ALJ. *Id. Third*, the district court can "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The first two resolutions are commonly referred to as "Sentence Six remands," based on their reliance on the sixth sentence of § 405(g). When the court issues a Sentence Six remand, it does not reach the merits of the ALJ's decision, so it neither affirms, modifies, nor reverses it. *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). And the district court retains jurisdiction while the proceedings before the agency take place. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840–41 (6th Cir. 2006). Importantly, Sentence Six remands are not final and appealable orders. *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999) (per curiam); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

The third resolution comes from the fourth sentence of § 405(g) and is thus known as a "Sentence Four remand." A Sentence Four remand requires a determination on the merits of the claimant's request for disability benefits. When the district court enters a Sentence Four remand order, it "must . . . accompany a final judgment affirming, modifying, or reversing the administrative decision." *Melkonyan*, 501 U.S. at 101; *see also Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) ("[I]mmediate entry of judgment (as opposed to entry of judgment after post[-]remand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand."). Sentence Four remands are "subject to review in the same manner as a judgment in other civil actions," 42 U.S.C. § 405(g), so they are final and appealable orders, *Sullivan v. Finkelstein*, 496 U.S. 617, 624–25 (1990).

If a district court wants to remand a case, it must do so under Sentence Four or Six—the district courts do not have the "inherent authority to enter other types of remand orders."

*Melkonyan*, 501 U.S. at 99.  If the district court wants to remand the case under Sentence Six, it must make the predicate findings in Sentence Six.  *See id.* at 99–100.  And if the district court wants to remand under Sentence Four, it must decide the merits of the case.  *See id.* at 98.

The district court's order does not explicitly do any of the three things it can do under § 405(g).  And because the district court expressly reserved ruling on the merits of the ALJ's decision, it is unclear what the district court intended to do.[1]

As noted above, Sentence Six remands are not final and appealable.  *Raitport*, 183 F.3d at 104.  And, outside the social security context, a district court's order remanding the case to the agency usually is not appealable, either.  *Schuck v. Frank*, 27 F.3d 194, 196 (6th Cir. 1994); *see also S.S. ex rel. A.S. v. Cobb Cnty. Sch. Dist.*, 43 F.4th 1165, 1169–70 (11th Cir. 2022).  Sentence Four and *Finkelstein* provide a carve-out in social security cases, but the district court's order—at least as it is currently written—does not affirm, modify, or reverse the SSA's decision.  Without further elaboration from the district court, its order is unreviewable, even though the order facially does not comply with the rules we have just discussed.

In cases like this, our options are limited.  Even so, "a federal court always has jurisdiction to determine its own jurisdiction," and we can decide a merits question if it "is also jurisdictional."  *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).  In a recent (and very similar) case, the Third Circuit said that "reviewing the nature of the remand order" in a social security appeal is part of determining whether an appellate court has jurisdiction.  *Clinkscale v. Comm'r of Soc. Sec.*, No. 24-2191, 2025 WL 2528907, at *1 n.3 (3d Cir. Sept. 3, 2025) (per curiam).  Thus, in social security cases, we can review the district court's compliance with Sentences Four and Six through this

---

[1]In appropriate circumstances, the district court may also vacate the ALJ's decision and remand with instructions to further develop the record in accordance with specific legal requirements.  *See, e.g., Bordelon v. Barnhart,* 161 F. App'x 348, 351–52 (5th Cir. 2005) (vacated and remanded to pose an appropriate hypothetical under the case facts); *Nelson v. Apfel*, No. 98 C 2223, 1999 WL 261740, at *4 (N.D. Ill. Apr. 15, 1999), *aff'd*, 210 F.3d 799 (7th Cir. 2000) (vacated and remanded to resolve unreconciled factual conflict); *Lassen v. Comm'r of Soc. Sec.*, No. 1:08-CV-1037, 2010 WL 914668, at *6–8 (W.D. Mich. Mar. 12, 2010) (vacated and remanded to properly document application of special technique as required by the social security regulations).  Although those judgments might not literally be thought of as affirming, modifying, or reversing the ALJ's decision, such a vacatur "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

procedure and vacate and remand to allow the district court "to clarify its order," as the Supreme Court outlined in *Melkonyan*. *See* 501 U.S. at 102 ("Because the record before us does not clearly indicate what the District Court intended by its disposition, we vacate the judgment and remand the matter to enable the District Court to clarify its order."); *Raitport*, 183 F.3d at 105.

We take that approach here.[2] Following the Supreme Court's approach in *Melkonyan*, as our sister circuits have done in *Raitport* and *Clinkscale*, allows us to review the order for compliance with Sentences Four and Six. And it best respects Congress' decision to allow an immediate appeal only from certain, specific orders by the district court in social security cases. We can then correct that error on appeal, and, should the district court then enter a final and appealable order consistent with Sentence Four, the parties can return to us if they desire further review of the ALJ's decision.

## C.

We will therefore review the district court's order for compliance with Sentences Four and Six. Although this gets at the merits of the district court's decision, our jurisdiction to review the rest of the district court's decision—here, its conclusion that factual disputes require remanding to the SSA—hinges on its compliance with Sentences Four or Six. So we necessarily have jurisdiction to conduct that review.

Upon conducting that review, we conclude that the district court erred in issuing the remand order that it did. The remand order does not comply with Sentence Six because it does not include the predicate findings that Sentence Six requires. It does not comply with Sentence Four, at least as written, because it does not include a final judgment identifying a merits defect in the ALJ's analysis. And the district court cannot issue remand orders outside the bounds of Sentences Four and Six. That means we must vacate the remand order.

---

[2]Although a second possibility—construing Follen's appeal as a petition for mandamus—was broached during oral argument, we maintain serious reservations about entertaining such an approach here. Mandamus is an "extraordinary remedy" that cannot "be employed as a substitute for appeal in derogation of" the final judgment rule. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (cleaned up); *Will v. United States*, 389 U.S. 90, 97 (1967). This case is an inappropriate vehicle for that remedy because we can exercise jurisdiction on other grounds, and Follen did not explicitly ask us to grant mandamus relief.

On remand, the district court must make clear what it is doing under § 405(g).  *See Melkonyan*, 501 U.S. at 102.  If the district court wants to remand the case under Sentence Four, it must issue a final judgment on the merits of the ALJ's decision.  If the district court wants to remand under Sentence Six, it must explicitly state that it is doing so and make the Sentence Six predicate findings in its decision.  And if the district court orders either type of remand, it must explain its reasoning in reference to the statute, the ALJ's decision, and any evidentiary defects it might see in the record.

If either party remains dissatisfied with the district court's conclusion and the district court issues a final and appealable order, that party may take an appeal to this court.

**III.**

For these reasons, we **VACATE** the district court's order and **REMAND** for further proceedings consistent with this opinion.