*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0139p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RONALD E. MARSHALL,

    *Plaintiff-Appellant,*

No. 05-5492

 *v.*

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 02-00041—G. Wix Unthank, District Judge.

Argued: March 9, 2006

Decided and Filed: April 18, 2006

Before: GIBBONS, GRIFFIN, and BRIGHT, Circuit Judges.[*]

---

## COUNSEL

**ARGUED:** Wolodymyr Cybriwsky, LAW OFFICES OF WOLODYMYR CYBRIWSKY, Prestonsburg, Kentucky, for Appellant. Nancy R. Bartlett, SOCIAL SECURITY ADMINISTRATION, OFFICE OF GENERAL COUNSEL, Atlanta, Georgia, for Appellee. **ON BRIEF:** Wolodymyr Cybriwsky, LAW OFFICES OF WOLODYMYR CYBRIWSKY, Prestonsburg, Kentucky, for Appellant. Nancy R. Bartlett, Elyse Sharfman, Dennis R. Williams, Mary Ann Sloan, Nancy Weiss, SOCIAL SECURITY ADMINISTRATION, OFFICE OF GENERAL COUNSEL, Atlanta, Georgia, for Appellee.

---

## OPINION

---

 GRIFFIN, Circuit Judge.

 Plaintiff Ronald E. Marshall appeals an order of the district court denying his motion for attorney's fees brought pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Marshall argues that the district court abused its discretion in ruling that he was

---

[*] The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

not the "prevailing party" for EAJA purposes.  We agree and accordingly reverse and remand for further proceedings.

## I.

On January 30, 2002, Marshall filed a complaint in the United States District Court for the Eastern District of Kentucky appealing the Commissioner of Social Security's ("the Commissioner") partial denial of his claim for Social Security benefits.  Without answering Marshall's complaint, the Commissioner filed a motion to remand his case pursuant to sentence six of 42 U.S.C. § 405(g) to search for his missing claim file.[1]  Following Marshall's response indicating his non-opposition, the district court issued an order dated May 17, 2002, granting the Commissioner's motion.

On remand, the claim file was not located and, as a result, the Appeals Council vacated the partial denial of Marshall's claim on November 4, 2002, with instructions to the Administrative Law Judge ("ALJ") to conduct further proceedings.  The Appeals Council further instructed the ALJ as follows:

> The [ALJ] . . . will take all actions necessary to reconstruct the record in this case. The [ALJ] will give the claimant the opportunity to submit additional evidence including updated medical reports and functional assessments from the claimant's treating physicians that are available for the pertinent period at issue.  The [ALJ] will provide the claimant an opportunity to appear at a *de novo* hearing, based on the reconstructed record, develop the record pursuant to 20 C.F.R. §§ 404.1512-404.1518 and/or 416.912-416.918, and issue a new decision.

Pursuant to the Appeals Council's order, the ALJ conducted additional proceedings and ultimately issued to Marshall a fully favorable decision on April 10, 2003.

On July 1, 2003, Marshall filed a "Motion to Affirm Decision On Remand," which the district court subsequently granted on August 8, 2003.  That same day, Marshall filed a motion pursuant to the EAJA seeking $8,400 in attorney's fees, plus costs of $166.19 and expenses of $238.10.  The district court subsequently issued an order on January 12, 2005, denying Marshall's fee petition.  In doing so, the court held that Marshall was not a "prevailing party" for EAJA purposes because no underlying litigation on the merits took place between Marshall and the Commissioner.

This timely appeal followed.

## II.

Marshall asserts that the district court erred in determining that he was not a "prevailing party" for EAJA purposes.  Specifically, Marshall takes issue with the court's conclusion that no underlying litigation of the merits occurred; indeed, Marshall points out that he earned an award of benefits after an "extensively argued and hard-fought administrative favorable decision that took place in the year following the U.S. District Court's sentence six (6) remand . . . ."  Moreover, according to Marshall, the district court retained jurisdiction over the matter even when remanding to the ALJ because "it was the Commissioner's obligation to report back to the Court following completion of administrative proceedings."  Given his efforts at the administrative level, alongside

---

[1]Sentence six of 42 U.S.C. § 405(g) provides, in pertinent part, that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ."

the fact that the district court retained jurisdiction, Marshall concludes that the favorable disposition of his claim "has the necessary judicial imprimatur to make the Plaintiff the prevailing party."

We review a district court's denial of attorney's fees pursuant to EAJA for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 506-07 (6th Cir. 1998).

The EAJA provides that a court shall award fees and other expenses to a prevailing party, other than the United States, in any civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not "substantially justified," and (3) no special circumstances made an award unjust. *I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

A.

To gain prevailing party status, the Supreme Court has determined that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)); *see Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained."). Conversely, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" sufficient for a plaintiff to be considered a prevailing party. *Buckhannon*, 532 U.S. at 605. Moreover, one does not earn "prevailing party" status by simply obtaining a remand for further proceedings before the agency from which he appealed. *Sullivan v. Hudson*, 490 U.S. 877, 887 (1989).

Given that Marshall does not possess a court-ordered consent decree, we must determine whether an ALJ's judgment qualifies as a "judgment on the merits" for purposes of prevailing party status. In *Sullivan*, the Supreme Court acknowledged that although, for EAJA purposes, Social Security benefit proceedings are not "adversarial," administrative proceedings may nonetheless "be so intimately connected with judgment proceedings as to be considered part of the 'civil action' for purposes of a fee award." 490 U.S. at 892. According to the Court, "[t]his is particularly so in the Social Security context where 'a suit [has been] brought in a court,' and where 'a formal complaint within the jurisdiction of a court of law' remains pending and depends for its resolution upon the outcome of the administrative proceedings." *Id*. The Court therefore concluded as follows:

> [W]here a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the "civil action" for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA.

*Id*.

Because the district court remanded Marshall's case pursuant to sentence six, the question becomes whether the court "retain[ed] continuing jurisdiction" in doing so.[2] *Sullivan*, 490 U.S. at 892; *see Shalala v. Schaefer*, 509 U.S. 292, 300 n.4 (1993) ("*Hudson* remains good law as applied to remands ordered pursuant to sentence six."). We have acknowledged that determining whether a court retains jurisdiction following a sentence six remand raises a confusing issue. *Buck v. Sec'y of HHS*, 923 F.2d 1200, 1205 (6th Cir. 1991) ("The Supreme Court has created some confusion as to when a court is 'retaining jurisdiction.'"). Indeed, in *Buck*, we cryptically concluded that "[a]pparently, the remanding court always 'retains jurisdiction' in the sense that it has the legal power to decide remaining issues in the case, but it may choose not to exercise that power." *Id.*

In interpreting the Supreme Court's decision in *Schaefer*, at least three other circuits have agreed that a district court retains jurisdiction in sentence six cases. *See, e.g., Johnson v. Gonzales*, 416 F.3d 205, 209 (3d Cir. 2005) ("[A] 'sentence-four' remand results in the immediate entry of judgment (and relinquishment of jurisdiction) by the District Court, whereas in the 'sentence-six' remand context judgment is not entered (and the District Court retains jurisdiction) until post-remand agency proceedings are complete."); *Butts v. Barnhart*, 388 F.3d 377, 384 n.4 (2d Cir. 2004) ("Sentence four remands are distinct from sentence six remands in that '[s]entence four remands are appealable because they are part of a final judgment disposing of the action' while '[s]entence six remand orders are considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending further development and consideration by the ALJ.'" (quoting *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999)), *amended on other grounds*, 416 F.3d 101 (2d Cir. 2005); *Krishnan v. Barnhart*, 328 F.3d 685, 691 (D.C. Cir. 2003) ("The 'principal feature' that distinguishes the two types of remands is that in a sentence-four remand, the district court disposes of the action by a final judgment and relinquishes jurisdiction, whereas in a sentence-six remand, the district court retains jurisdiction over the action pending further development by the agency."). We now join our sister circuits in holding that a district court retains jurisdiction when remanding a social security claimant's case pursuant to sentence six.

In this case, the district court ordered a remand to the Secretary in a benefits litigation and retained continuing jurisdiction over the case pending a decision from the Secretary. By granting Marshall's "motion to affirm decision on remand," the district court's opinion acknowledges that jurisdiction was retained. The Commissioner's brief likewise concedes that jurisdiction was retained and, as a result, "the proceedings on remand are an integral part of the 'civil action' for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA." *Sullivan*, 490 U.S. at 892. The district court therefore erred in denying Marshall's fee application on the basis that he was not a "prevailing party" for EAJA purposes. Indeed, a sentence six remand preserves a claimant's right to file a fee petition assuming the claimant prevails on remand. *Freeman v. Barnhart*, 274 F.3d 606, 610 (1st Cir. 2001). Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim "prevailing party" status, *e.g., Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir. 2001), the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant, *Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996) ("Because [claimant] succeeded on remand, at least in part on sentence-six grounds, judgment must be entered in his favor by the district court, and [claimant] will be a prevailing party under that judgment."). *Accord Willis v. Sullivan*, 931 F.2d 390, 400 (6th Cir. 1991) (awarding EAJA attorney's fees for counsel's work performed during the administrative proceedings after the district court's remand of [claimant's] disability claims pursuant to *Hudson*).

---

[2] "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). This case falls in the former category.

B.

Recognizing the district court's erroneous determination that Marshall was not a prevailing party is, however, only a threshold inquiry. *See Schaefer*, 509 U.S. at 302 (prevailing party status is a threshold requirement to recovery under the EAJA). Even as a prevailing party under the EAJA, Marshall is not entitled to attorney's fees if the Commissioner's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). According to the EAJA:

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

In this case, although Marshall's fee petition was timely,[3] Marshall did not append the record of administrative proceedings below. As a result, we cannot determine whether the Commissioner's position below was "substantially justified." Moreover, the district court made no determination regarding "substantial justification" and Marshall provides no appellate argument or comment about "substantial justification." The same observations hold true for the final step of the analysis - whether special circumstances would make an award unjust. Accordingly, on this record, we cannot determine whether the Commissioner's position was "substantially justified," and whether special circumstances would otherwise make an award unjust.

III.

For the foregoing reasons, we reverse the district court's denial of Marshall's fee application on the basis that he was not a "prevailing party" for EAJA purposes. On remand, the district court must determine, based on the administrative record, whether (1) the Commissioner's position was "substantially justified," or (2) special circumstances made an award unjust.

---

[3]A district court must likewise inquire into the timeliness of a claimant's fee petition. *Buck*, 923 F.2d at 1202 (observing EAJA time limit is jurisdictional). In *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), the Supreme Court explained that "in sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Id*. at 102 (alteration in original). In this case, Marshall's fee petition was timely; the district court granted Marshall's "Motion to Affirm Decision On Remand" on August 8, 2003, and Marshall filed his fee petition that same day.