Paul VELTKAMP, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 1:06–cv–295.

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 25, 2007.

James R. Rinck, Grand Rapids, MI, for Plaintiff.

Ronald M. Stella, U.S. Attorney, Grand Rapids, MI, for Defendant.

### Order Granting the Plaintiff's Unopposed Application for EAJA Attorney Fees Referring Determination of Amount of Fees & Expenses to the Magistrate Judge

PAUL L. MALONEY, District Judge.

Veltkamp appealed the denial of his application for Social Security disability benefits, and the matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R & R"). The R & R issued on August 15, 2007, recommending that this court reverse the Commissioner's denial of Veltkamp's application, and the ten-day period for filing objections expired on August 29, 2007. The Commissioner did not file any objections to the R & R, either before or after the deadline, and this court adopted the R & R.

In the absence of any timely, specific objection, this court was not obligated to conduct any review of the R & R. Nonetheless, this court determined, in accordance with the R & R, that substantial evidence did *not* support the ALJ's determination that Veltkamp was not disabled before his insured period expired on December 31, 2003. Specifically, substantial evidence did not support (1) the ALJ's refusal to accept the consistent diagnosis by several psychologists that Veltkamp suffers from bipolar disorder; (2) the ALJ's assessment of Veltkamp's mental

residual functional capacity, which unjustifiably contradicts his consistent Global Assessment of Functioning score in the 40–48 range, which is indicative of "serious" to "major" impairment in the ability to function; (3) the ALJ's assertion that Veltkamp could not be disabled due to his mental impairments because he was clean, neat, well-behaved, and articulate at the hearing; and (4) the ALJ's finding that Veltkamp's "spotty" treatment history belied his claim of disabling mental illness, which was not logical in light of uncontradicted medical opinion that a denial that anything is wrong can itself be a recognized symptom of bipolar disorder.

On Monday, October 8, 2007, plaintiff Veltkamp filed an application for an award of attorney fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The application is timely because it was filed within thirty days of this court's final judgment in favor of Veltkamp. *See Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 130 (6th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(B)). On Friday, October 12, 2007, the Commissioner filed a notice stating that he "has no objection to an award of EAJA fees consistent with plaintiff's request." For the reasons that follow, the court will grant plaintiff's application for EAJA attorney fees and expenses.

The EAJA provides, in pertinent part,
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
28 U.S.C. § 2412(d)(1)(A).

■ First, the court finds that Veltkamp is a prevailing party within the meaning of the EAJA. The statute defines party as, *inter alia,* "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Veltkamp's counsel's affidavit states that Veltkamp has a net worth of less than $2,000,000 and points out that this court granted Veltkamp's request to waive the fee otherwise required for the filing of the instant civil action, *see* Oct. 8 Aff. of James R. Rinck, Esq. at 3 ¶ 10. The Commissioner does not contest these statements or request discovery regarding Veltkamp's net worth, and the court's docket record confirms the waiver of Veltkamp's filing fee. *See U.S. v. Heavrin,* 330 F.3d 723, 731–33 (6th Cir.2003) (fee waiver applicant's affidavit statement that his net worth was under two million dollars constituted prima facie proof of that fact, and government's failure to request discovery regarding his net worth "can be considered an implied concession of [his] status as a party."). Therefore, the court finds that Veltkamp is a party.

■ To gain *prevailing*-party status, a party must secure an enforceable judgment on the merits or court-ordered consent decree that " 'create[s] the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.' " *Marshall v. Comm'r of Soc. Sec.,* 444 F.3d 837, 840 (6th Cir.2006) (Griffin, J.) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Resources,* 532 U.S. 498, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989))). Conversely, a defendant's voluntary change of conduct, while perhaps ac-

complishing what the plaintiff sought to achieve by the lawsuit, " 'lacks the necessary judicial imprimatur' on the change sufficient for a plaintiff to be considered a prevailing party." *Marshall,* 444 F.3d at 840 (quoting *Buckhannon,* 532 U.S. at 605). Moreover, one does not become a prevailing party merely be obtaining a remand for further proceedings before the agency from which he appealed. *Marshall,* 444 F.3d at 840 (citing *Sullivan v. Hudson,* 490 U.S. 877, 887, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1990)). Finally, the magnitude of the relief obtained is irrelevant. *Marshall,* 444 F.3d at 840 (citing *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Veltkamp obtained this court's judgment reversing the Commissioner's decision and ordering the Commissioner to award benefits, not merely a remand to the SSA or a voluntary award of benefits by the Commissioner. Therefore, this court finds that Veltkamp is a prevailing party under the EAJA.

The next question is whether the Commissioner's position was substantially justified. "Substantially justified" means " 'justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person.' " *Marshall,* 444 F.3d at 842 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). According to the EAJA, whether or not the government's decision was substantially justified must be determined on the basis of the record which is made in the civil action for which fees are sought, including the administrative record. 28 U.S.C. § 2412(d)(1)(B). "The Supreme Court has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Noble v. Barnhart,* 230 Fed.Appx. 517, 519 (6th Cir.2007) (citing *Pierce,* 487 U.S. at 565). There is no presumption that the government's position was not substantially justified merely because the court held that substantial evidence did not support the Commissioner's decision. *Noble,* 230 F. App'x at 519 (citing *Howard v. Barnhart,* 376 F.3d 551, 554 (6th Cir.2004)). By acquiescing in Veltkamp's application for EAJA fees, the Commissioner effectively concedes that his position in this litigation was not substantially justified, and the court so finds.

Finally, the Commissioner has not identified, nor does the court perceive any special circumstances that would render an award of fees and expenses unjust. *See generally In re Goss,* 149 B.R. 460, 464–65 (Bankr.E.D.Mich.1992) ("Other tests used to deny fees to a successful litigant under the Equal Access to Justice Act ... are whether the unsuccessful party asserted a novel legal theory or the successful party had unclean hands.") (citations to non-Sixth Circuit district court decisions omitted).

**ORDER**

Accordingly, the plaintiff's unopposed application for attorney fees [docket # 12] is **GRANTED.**

The question of the amount of fees and expenses to be awarded is **REFERRED** to the Honorable Ellen Carmody, United States Magistrate Judge, for a binding determination (not merely for a report and recommendation). *See King v. Comm'r of Soc. Sec.,* 230 Fed.Appx. 476, 477–78 n. 1 (6th Cir.2007) (McKeague, J.) ("Attorney's fees under the EAJA are determined by magistrates.") (citing *Jankovich v. Bowen,* 868 F.2d 867, 868–69 (6th Cir.1989)).

**IT IS SO ORDERED** this 25th day of October 2007.