**James D. FLOM, Plaintiff–Appellant,**

v.

**HOLLY CORPORATION; et al., Defendants,**

and

**Metropolitan Life Insurance Company, Defendant–Appellee.**

No. 06–35954.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed May 1, 2008.

John E. Seidlitz, Jr., Esq., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

Shane P. Coleman, Esq., Holland & Hart, LLP, Billings, MT, for Defendants and Defendant–Appellee.

Before: REINHARDT, TASHIMA, and McKEOWN, Circuit Judges.

## MEMORANDUM *

James D. Flom appeals an order of the district court denying his motion for attorney's fees. Flom requested fees after Metropolitan Life Insurance Company ("MetLife") reinstated his disability benefits following the district court's decision to remand his ERISA case to MetLife. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

A prevailing ERISA plaintiff is entitled to attorney's fees unless special circumstances would render such an award unjust. *Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1984). In determining whether an ERISA plaintiff has prevailed, we look to case law defining "prevailing party" for purposes of other federal statutes. *See id.* In that context, a prevailing party is one who achieves a judicially sanctioned and material change in the legal relationship between the parties. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 604–05, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

This judicially-sanctioned change in the parties' relationship need not be a judgment on the merits, and a prevailing plaintiff need not achieve directly through the judicial order itself the ultimate benefit sought. *Carbonell v. I.N.S.,* 429 F.3d 894, 899 (9th Cir.2005); *see also Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) ("[T]he judicial decree is not the end but the means.... The real value of the judicial pronouncement ... is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*").

As we have previously recognized, an order remanding a case to an ERISA plan administrator is analogous to a district court order remanding a case to an administrative agency. *See Williamson v. UNUM Life Ins. Co. of America,* 160 F.3d 1247, 1251 (9th Cir.1998). When a district court remands a case to an administrative agency, that remand can provide the judicial imprimatur necessary for a party to become a prevailing party.

For example, an alien may be a prevailing party under the Equal Access to Justice Act when the court remands his case to the Board of Immigration Appeals, regardless of the fact that the court does not decide the merits of the underlying claim. *Rueda–Menicucci v. I.N.S.,* 132 F.3d 493, 495 (9th Cir.1997); *see also Li v. Keisler,* 505 F.3d 913, 917–18 (9th Cir.2007); *and Johnson v. Gonzales,* 416 F.3d 205, 208–10 (3rd Cir.2005) (joining the Ninth and Sev-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

enth Circuits in concluding that an alien who prevails on a petition for review and whose case is remanded to the BIA is a "prevailing party"). Similarly, when a court remands a claimant's case seeking Social Security benefits to the agency pursuant to "sentence four," the claimant is a prevailing party even though the court's only action is to remand the case. *See Shalala v. Schaefer,* 509 U.S. 292, 300–02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Even when a court remands such a case pursuant to "sentence six" and retains jurisdiction over the case, the claimant is a prevailing party if the agency determines on remand that the claimant is entitled to benefits. *Hoa Hong Van v. Barnhart,* 483 F.3d 600, 607 (9th Cir.2007).[1] As another Circuit has explained, "[an administrative] remand granting the party relief on the merits with retention of jurisdiction ... creates a prevailing party ... if the party obtains the benefits it sought before the agency." *Former Employees of Motorola Ceramic Products v. United States,* 336 F.3d 1360, 1367 (Fed.Cir.2003).

In this case, Flom's complaint alleged that MetLife wrongfully denied him benefits, and he requested, *inter alia,* any such relief as the court deemed proper. When the district court remanded to MetLife, Flom achieved a judicially-sanctioned change in his relationship with MetLife and received "some relief" from the court on his claim. As a result of the remand, MetLife was required to allow Flom to submit additional information and to consider that information in evaluating his claim for benefits. On remand, MetLife reinstated Flom's benefits. The district court's remand provided the judicial imprimatur required by *Buckhannon*—it changed Flom's legal relationship with MetLife and ultimately led to Flom's success in securing a reinstatement of benefits. As a result, Flom is a prevailing ERISA plaintiff.

It is not relevant whether Flom raised the argument in district court that ultimately led to the reinstatement of benefits or whether the court raised it sua sponte. An award of attorney's fees ordinarily protects ERISA plaintiffs, not their lawyers, and the performance of Flom's counsel is not relevant to Flom's status as a prevailing plaintiff.

As a prevailing ERISA plaintiff, Flom is entitled to an award of fees unless such an award would be unjust. Because there are no circumstances that would make an award unjust in this case, we reverse and remand for an award of fees.

**REVERSED AND REMANDED.**

---

1. When a claimant succeeds before the agency pursuant to a sentence-six remand, the Secretary must return to the district court for entry of a final judgment. 42 U.S.C. § 405(g); *see also Melkonyan v. Sullivan,* 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The Equal Access to Justice Act, which governs attorney's fees in Social Security cases, requires a final judgment before a fee award can be made. 28 U.S.C. § 2412(d)(1)(B). Entry of judgment reflecting the determination on remand is a formality, and the court must enter the judgment. *See, e.g., Marshall v. Comm'r of Soc. Sec.,* 444 F.3d 837, 842 (6th Cir.2006) ("Because [claimant] succeeded on remand, at least in part on sentence-six grounds, judgment *must* be entered in his favor by the district court, and [claimant] will be a prevailing party under that judgment.") (quoting *Jackson v. Chater,* 99 F.3d 1086, 1097 (11th Cir.1996)) (emphasis added). Unlike in 28 U.S.C. § 2412(d)(1)(B), the statute providing for attorney's fees in ERISA cases does not require a final judgment. 29 U.S.C. § 1132(g)(1). As a result, the lack of such a judgment here is immaterial. As explained above, the remand is sufficient to provide judicial imprimatur as required by *Buckhannon.*