Marie C. ALONSO–VELEZ, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

Civil No. 09–1937 (DRD).

United States District Court,
D. Puerto Rico.

July 6, 2011.

Salvador Medina–De–La–Cruz, Salvador Medina De La Cruz Law Office, San Juan, PR, for Plaintiff.

Ginette L. Milanes, U.S. Attorney's Office, San Juan, PR, for Defendant.

## ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is Plaintiff's *Motion for Attorney's Fees* (Docket No. 15), dated December 7, 2010. Plaintiff requests fees in the amount of $1,780.27 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412. The EAJA mandates that this Court award attorney's fees to a prevailing party in suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412. See *I.N.S. v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)(internal quotations omitted). On December 8, 2010, the Commissioner opposed Plaintiff's request for fees (Docket No. 16).

On May 22, 2007, Plaintiff appeared before an Administrative Law Judge ("ALJ") and argued that she was disabled from September 9, 2003 to the present, May 22, 2007 ("Time Period One"). The ALJ found that Plaintiff was not disabled and denied her claim. On July 17, 2009, the Appeals Council affirmed the ALJ's denial of benefits. Having exhausted her administrative remedies, Plaintiff filed a complaint in federal court on September 15, 2009 (Docket No. 1). On January 29, 2010, the Commissioner moved that the Court remand the instant action for further proceedings pursuant to sentence six of Sec-

tion 205(g)[1] (Docket No. 5) and the Court granted the Commissioner's request On February 5, 2010 (Docket No. 8). On remand, Plaintiff amended her alleged disability onset date from September 9, 2003 to May 1, 2008 (May 1, 2008 to the present, "Time Period Two").

Upon remand, a second ALJ informed Plaintiff that he had reached a "fully favorable" decision (Docket No. 12–1). Pursuant to that favorable decision, this Court entered judgment and dismissed the case on November 8, 2010 (Docket No. 14).

The following month, on December 7, 2010, Plaintiff filed the pending motion for attorney's fees under the EAJA (Docket No. 15). Therein, Plaintiff's counsel asserts that Plaintiff is a prevailing party and that the Commissioner's position was not substantially justified. Thus, Plaintiff requests $1,780.27[2] in attorney's fees based upon 12.48 hours of billable work.[3] Further justifying counsel's fee, Plaintiff claims that the instant matter presented novel and complex issues because the claimant has a combination of impairments and proof of claimant's disability was difficult to establish.

On December 8, 2010, the Commissioner opposed Plaintiff's motion for fees (Docket No. 16). The Commissioner advances that Plaintiff is not a prevailing party because Plaintiff did not ultimately obtain any of the benefit sought when Plaintiff requested judicial review from this Court. Commissioner's argument boils down to the fact that because there is no overlap between the time period from which Plaintiff was denied benefits, Time Period One, and the time period in which Plaintiff was ultimately awarded benefits, Time Period Two, Plaintiff cannot be deemed a prevailing party. The Commissioner asserts that in a sentence six remand, to prevail, a claimant must obtain at least some of the Social Security benefits that Plaintiff sought when she brought suit in federal court. The Commissioner alleges that Plaintiff filed suit in federal court to overturn the Commissioner's decision that she was not disabled during Time Period One. However, on remand, Plaintiff changed her alleged on-set date to May 1, 2008, approximately one year after the first ALJ's May 22, 2007 decision. Hence, the Commissioner argues that Plaintiff is not a prevailing party as Plaintiff's adjudicated benefits from Time Period Two were not the same benefits she was originally denied and appealed from, Time Period One.

The Commissioner also alleges that its position was substantially justified because Plaintiff has conceded she was not disabled in Time Period One, the time period originally at issue before this Court.

■ In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's deci-

---

1. "In general terms, sentence six of Section 205(g) of the Act provides a federal court the power to remand an application for benefits to the Commissioner for the taking of additional evidence upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Sanchez v. Comm'r of Soc. Sec.*, 2008 WL 8053665, 2008 U.S. Dist. LEXIS 118280 (D.P.R. Apr. 23, 2008). See 42 U.S.C.A. § 405(g).

2. In arriving at this figure, Plaintiff states that he billed 12.48 hours and seeks to be compensated at the maximum allowed rate of $125 per hour. Plaintiff additionally took into account a cost of living adjustment for 1997–2002 (but not for the last eight years).

3. Counsel's 12.48 billable hours commences after the first ALJ denial.

sion under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, however, the Court remanded the decision of the Commissioner under sentence six. The sentence six remand, by itself, did not then make Plaintiff a "prevailing party" for purposes of the EAJA. See, e.g., *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840–42 (6th Cir.2006); *Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir.2001). Rather, the sentence-six remand merely preserved Plaintiff's right to file a fee petition if she prevailed on remand. *Marshall*, 444 F.3d at 841–42. Stated another way, the result of the subsequent administrative proceedings is sufficient to confer "prevailing party" status upon a claimant. *Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir.1996) ("Because [claimant] succeeded on remand, at least in part on sentence-six grounds, judgment must be entered in his favor by the district court, and [claimant] will be a prevailing party under that judgment."). However, "[o]ne does not become a prevailing party merely because the Secretary's request for a remand is granted under sentence six. Instead, the party must actually succeed in receiving some substantial benefit that was sought in the original appeal because of the remand." *Squires–Allman v. Callahan*, 117 F.3d 918, 919 n. 2 (5th Cir.1997). The Commissioner asserts that Plaintiff has not met this last qualification.

■ "[A]chieving prevailing party status requires a plaintiff to show that he suc-

ceeded on an important issue in the case, thereby gaining at least some of the benefit he sought in bringing suit." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir.2001). Restated, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." [4] *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

■ In the instant case, the Commissioner argues that Plaintiff is not a prevailing party because there is no overlap in the dates for her alleged disability between Time Period One and Time Period Two. Therefore, the Commissioner asserts that Plaintiff has not received "some of the benefits" sought by Plaintiff in the first administrative hearing.

Despite case law to the contrary, the Court finds this argument unpersuasive. Cf. *Swedberg v. Bowen*, 804 F.2d 432 (8th Cir.1986); see *Mikol v. Astrue*, No. 05–CV–5355, 2008 U.S. Dist. LEXIS 69570, 2008 WL 4222027, at *2 (S.D.N.Y. Sept. 12, 2008) ("[P]laintiff is … a prevailing party [if], at the conclusion of the administrative proceedings … carried out pursuant to this Court's sentence-six remand, he prevails."); see *Edwards v. Barnhart*, 238 F.Supp.2d 645, 655 (S.D.N.Y.2003)(A "type of success is the eventual receipt of benefits after a sentence six remand."). In Plaintiff's first hearing, Plaintiff claimed she was disabled from September 2003 through the present, May 2007. In Plain-

---

4. We note that a plaintiff can no longer claim to be a prevailing party under a "catalyst" theory. The First Circuit had previously permitted attorney's fees if a lawsuit acted as a "'catalyst' in prompting defendants to take action to meet plaintiff's claims … despite the lack of judicial involvement in the result." *Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir.1978). However, the Supreme Court explicitly rejected this catalyst theory. See

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). "Although *Buckhannon* applied to the Fair Housing Amendments Act and the Americans with Disabilities Act, the [Supreme] Court specifically noted that the fee-shifting provisions of several other statutes … should be interpreted consistently." *Richardson v. Miller*, 279 F.3d 1, 4 (1st Cir.2002).

tiff's second hearing, Plaintiff claimed she was disabled from May of 2008 through the present. In both instances, Plaintiff claimed she was *presently* disabled before the ALJ. Plaintiff was ultimately adjudicated to be presently disabled, and, thus, Plaintiff received some of the benefits originally sought. The Court holds that a plaintiff may be considered a prevailing party under the EAJA even where there is no overlap in time between two periods of alleged disability.

Even though Plaintiff argued two different periods of alleged disability in front of two different ALJs, Plaintiff convinced the Social Security Administration that she was disabled. By obtaining a favorable resolution, Plaintiff became entitled to monthly disability payments. Previously, Plaintiff was a mere claimant seeking financial assistance from the Commissioner; however, after a successful ruling, Plaintiff became a beneficiary with a property interest protected by the Due Process Clause of the Fifth Amendment. See *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Thus, the second ALJ's "fully favorable" decision to award monthly disability payments materially changed the parties legal relationship to Plaintiff's benefit. Thus, the Court finds that Plaintiff indeed "prevailed."

■ Public policy further justifies the Court's conclusion. Plaintiff's counsel made a tactical decision in the second hearing that it was easier to prove Plaintiff's disability status as of May 2008 than as of September 2003. This strategic shift

proved to be a wise decision considering Plaintiff was in fact awarded disability benefits in the second hearing. The Court concludes that it would be against public policy to now punish the attorney by not awarding fees on these grounds for making a prudent strategic choice to the benefit of his disabled client. Congress enacted the EAJA in order to equalize the playing field for those litigants who could otherwise not afford the costs of litigation against the federal government.[5] See *National Truck Equip. Ass'n v. National Highway Traffic Safety Admin.*, 972 F.2d 669, 673 (6th Cir.1992). Disallowing attorney's fees on these grounds force the client's interests and the attorney's interest to diverge; as such, the Commissioner's position would frustrate Congress' stated intent.

■ After Plaintiff establishes prevailing party status, the burden falls "upon the government to demonstrate that its position was substantially justified" in order to avoid imposition of fees. *Allende v. Baker*, 891 F.2d 7, 12 (1st Cir.1989) (quoting *Sierra Club v. Sec. of Army*, 820 F.2d 513, 517 (1st Cir.1987)). "Substantial justification represents a middle ground between automatically awarding attorney's fees and awarding attorney's only when the government's position was frivolous." *Magwood v. Astrue*, 594 F.Supp.2d 557, 559 (E.D.Pa.2009) (citing *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir.1985)). According to the Supreme Court, "substantially justified" means " 'justified in substance or in the main'—that is, justified

5. Congress' findings and purpose for the EAJA:

> The Congress finds that certain individuals, partnerships, corporations, and labor and other organizations may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved.... Because of the greater resources and expertise of the United States the standard for an award of fees

against the United States should be different from the standard governing an award against a private litigant.... It is the purpose of this title—to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in specified situations an award of attorney fees ... against the United States....

Pub. L. No. 96–481, § 202, 94 Stat. 2325 (1980).

to a degree that could satisfy a reasonable person" as opposed to " 'justified to a high degree.' " *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). " 'Determining whether the government's position is substantially justified for the resolution of an EAJA claim has proved to be an issue of considerable conceptual and practical difficulty.' " *Morgan v. Perry,* 142 F.3d 670, 685 (3d Cir.1998) (quoting *Roanoke River Basin Assoc. v. Hudson,* 991 F.2d 132, 138 (4th Cir.1993)). "A position can be justified even though it is not correct, and ... can be substantially (i.e. for the most part) justified if a reasonable person could think it is correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2, 108 S.Ct. 2541.

■ The Commissioner asserts that Plaintiff has conceded that she was not disabled in Time Period One by not reasserting that argument on remand and thus the Commissioner's position was substantially justified. As noted above, an attorney may, and perhaps should, at times, change legal arguments and tactics. Counsel has such discretion and should not be subsequently punished for utilizing that discretion. Although the Court is unpersuaded by the Commissioner's rationale, the Commissioner's conclusion is correct.

In the instant case, neither the first nor the second ALJ ignored lines of evidence or disregarded the Social Security Administration's regulations and precedent. To the contrary, the Commissioner, on its own accord, requested that the District Court remand the instant case back for further consideration. Additionally, Plaintiff has not offered any developed legal or factual argument contradicting the Commissioner's assertion that its position was substantially justified.

Thus, the Commissioner has met its burden to show that its position was substantially justified within the meaning of EAJA, i.e., that it was "justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565, 108 S.Ct. 2541. Even though the Commissioner did not ultimately prevail, the Commissioner was still substantially justified in its position. See *Scarborough v. Principi,* 541 U.S. 401, 414–15, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004)("There is no presumption that the government's position was not substantially justified simply because it lost the case."); *Cummings v. Sullivan,* 950 F.2d 492, 498 (7th Cir.1991).

The Court finds that Plaintiff is a "prevailing party," however, the Court cannot award attorney's fees because the Court additionally concludes that the Commissioner's position was substantially justified. Although the Commissioner did not prevail, as its position was "not correct," the Court is of the opinion that "a reasonable person could think it correct." *Pierce,* 487 U.S. at 565 n. 2, 108 S.Ct. 2541. Accordingly, Plaintiff's *Motion for Attorney's Fees* (Docket No. 15) is hereby **DENIED.**

**IT IS SO ORDERED.**